TODD BLANCHE
Acting Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
JASON A. GORN (Cal. Bar No. 296179)
Assistant United States Attorney
Transnational Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7962
    Facsimile: (213) 894-3713
    E-mail:   jason.gorn@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>GERONIMO REYNA,<br><br>        Defendant. | No. 2:25-cr-630-FLA<br><br>FOURTH STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT STATUS CONFERENCE:** May 15, 2026<br><br>**PROPOSED STATUS CONFERENCE:** July 31, 2026<br><br>**CURRENT TRIAL DATE:**   May 26, 2026<br><br>**PROPOSED TRIAL DATE:**  August 11, 2026 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Jason A. Gorn, and defendant Geronimo Reyna ("defendant"), both individually

and by and through his counsel of record, Michael R. Kilts, hereby stipulate as follows:

1.    The Indictment in this case was filed on August 1, 2025. (Dkt. 11.)  Defendant first appeared before a judicial officer of the court in which the charges in this case were pending via Complaint on July 3, 2025. (Dkt. 5.)  The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before October 10, 2025.

2.    On August 7, 2025, the Court set a trial date of September 23, 2025, and a status conference date of September 12, 2025. (Dkt. 15.)  On September 8, 2025, the Court continued the trial date on the parties' stipulation to October 28, 2025. (Dkt. 18.)  On October 17, 2025, the Court continued the trial date on following the parties' corrected stipulation and order to February 17, 2026. (Dkt. 30.) Following the parties' bond hearing on December 3, 2025, the Court continued the trial date to May 26, 2026, based on defense counsel's upcoming medical leave due to his February 2026 back surgery. (Dkt. 28.)

3.    Defendant is on pretrial release pending trial. The parties estimate that the trial in this matter will last approximately two days.

4.    By this stipulation, defendant moves to continue the trial date to August 11, 2026 and the status conference date to July 31, 2026.

5.    This Court has previously continued the trial date by stipulation of the parties three previous times. (Dkts. 18, 30, 39.) Since then, the defense has made a supplemental discovery request on

2

March 30, 2026 that the government is currently coordinating with the case agent.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a. In February 2026, counsel for the Defendant had major back surgery involving a two-level fusion and laminectomy to his lower back. The recovery time is from six months to one year. Counsel has started physical therapy and is not available for long term court appearances (including jury trials) due to his limitation for sitting or standing at lengths for over one hour.

b. Defendant is charged with a violation of Title 18 United States Code Section 1071: Harboring and Concealing a Person from Arrest. The government has produced discovery to the defense, including 2577 pages or items of discovery including reports, search warrants, criminal history reports, cell phone media, photographs, and video recordings.

c. Defense counsel is presently scheduled to have the following trial conflicts as included in Attachment A.

d. In light of the foregoing, counsel for defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research, filing of an anticipated pre-trial suppression motion, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into

account the exercise of due diligence and his ongoing recovery from back surgery.

e.    Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

f.    The government does not object to the continuance.

g.    The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

7.    For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period from the filing of this stipulation to August 11, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time

4

periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: 4/10/2026

Respectfully submitted,

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

JASON A. GORN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: April 10, 2026

MICHAEL R. KILTS
Attorney for Defendant
GERONIMO REYNA

5

I am Geronimo Reyna's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client.  I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up the right to be brought to trial earlier than August 11, 2026 is an informed and voluntary one.

_____     April 10, 2026
MICHAEL R. KILTS                     Date
Attorney for Defendant
GERONIMO REYNA

I have read this stipulation and have carefully discussed it with my attorney.  This agreement has been read to me in English, the language I understand best, and I have carefully discussed every part of it with my attorney. I understand my Speedy Trial rights.  I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than August 11, 2026.  I understand that I will be ordered to appear in Courtroom 6B of the First Street Courthouse, 350 W. 1st Street, 6th Floor, Los Angeles California 90012 on July 31, 2026 at 10:30 a.m. for the Pretrial Conference and on August 11, 2026 at 8:30 a.m. for trial.

_____     April 10, 2026
GERONIMO REYNA                       Date
Defendant

6

Attachment A

According to defense counsel, he is presently scheduled to be in the following trials:

1. On July 14, 2026, in case number 2:25-cr-00849-CV, USA vs. Alexander Estrada Arroyo.  Mr. Estrada Arroyo is charged with 21 USC § 846, conspiracy to distribute methamphetamine and cocaine; and 2 counts of 21 USC § 841(a)(1), (b)(1)(a)(viii); 18 USC § 2(a), distribution of methamphetamine and cocaine.  The trial is expected to be 2 to 4 days.

2. Other pending cases in state court have also been delayed into June through August 2026, due to back surgery and current limitations.  These included:

   i. People vs. Adrian Munoz, case No. 24EMCF00337 and 24EMCM0233. The two matters, one now set for jury trial in Department 3 of the El Monte Superior Court on April 29, 2026, with the last day for trial on May 26, 2026. These are 2024 offenses with the Court, Judge Veronica Ramos, indicating no further continuances.  Trial is estimated for 5 days for both matters.  Mr. Munoz is charged with driving under the influence and child endangerment in one matter and criminal threats and vandalism on the second case.  No offer has been made by the District Attorney's office at this time.

ii. People vs. Hossman Alexis Cordoba Escobar, case no. 25PSCF00551, Pomona Superior Court, felony evading, misdemeanor DUI and contempt of Court. Judge Victor Martinez is the trial Judge and last day for trial is June 16, 2026. There is no settlement pending at this time.

iii. People vs. Isaiah Corona, case No. FERI2600154, Riverside Superior Court, attempted murder and assault with a deadly weapon, with GBI allegations. Judge Gail O'Rane is our trial Judge and with a trial date anticipated for August 2026. The people have not made any offers to settle this matter.

iv. People vs. Lilia Molina, case No. FSB25003446, San Bernardino Superior Court, H&S 11366.5, allowing a marijuana grow on property. Estimated for a 1 week jury trial in July or August 2026. Judge Richard V. Peel is our trial Judge, and pending negotiations are ongoing to settle this matter.

v. People vs. Alex Soltero, case No. 25PDCF00912 in Pasadena Superior Court, assault with a deadly weapon and GBI enhancements with a 1 week trial estimate within the next 60 day time period. Last day for trial is June 17, 2026, with Judge Darrel Mavis. The People have not made an offer to settle this matter.

Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date, including a pending motion to suppress evidence.